```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

KAYLA MADAK and
DONALD MADAK,

    Plaintiffs,

v.                          Case No. 8:18-cv-2665-T-33AEP

CHRIS NOCCO and
WILLIAM C. HATFIELD,

    Defendants.

_____/

## ORDER

This matter comes before the Court in consideration of Defendants Sheriff Chris Nocco and William C. Hatfield's Motion to Dismiss and for More Definite Statement (Doc. # 6), filed on November 6, 2018. Plaintiffs Kayla Madak and Donald Madak responded on November 29, 2018. (Doc. # 20). For the reasons that follow, the Motion is granted and Plaintiffs may file an amended complaint by December 20, 2018.

**I.   Background**

In 2015, Kayla was a minor and freshman at Hudson High School in Pasco County, Florida. (Doc. # 7 at 3). On February 10, 2015, Hatfield — a Pasco County Deputy Sheriff — arrested Kayla at her school "for carrying a pocket knife protected

1

under Florida law but which the school and Deputy Sheriff said was an illegal camouflaged tactical weapon." (Id.).

According to the Complaint, "[i]t was clear from day one . . . that the knife was a legal 3.5 inch pocket knife, and no probable cause existed to institute a criminal proceeding." (Id. at 4). Kayla allegedly brought the pocket knife to school "to clean off excess mascara off her face which school authorities documented in their statements to law enforcement." (Id.). The Complaint alleges: "Had [Hatfield] examined [Kayla's] knife available in evidence before arresting [her] as any reasonably objective police officer would have, it would not have warranted a reasonable man to believe that any criminal offense had been committed by Kayla." (Id.).

Nevertheless, Kayla was arrested and Sheriff Nocco "caused a prosecution to be instituted against Kayla [] in the criminal Juvenile Court for Pasco County, Florida." (Id.). The prosecution "was continued long after it was apparent no probable cause existed." (Id. at 5). Eventually, the prosecution "was resolved in favor of Kayla [] on May 13, 2015" when the State Attorney filed a No Information. (Id.). As a result of the arrest and prosecution, Kayla suffered "emotional anguish, deprivation of her liberty, emotional and

2

physical suffering, embarrassment, loss of education, and damage to her good reputation." (Id.). Kayla's father, Donald, "incurred attorney's fees and court cost(s), in defeating [] said false charges, and in investigation and pursuit of this lawsuit." (Id.).

Then, Plaintiffs initiated this action against Sheriff Nocco and Hatfield in state court on September 18, 2018, asserting a single count titled "False Arrest and Imprisonment and Malicious Prosecution of Kayla Madak Violating the 4th, 5th, and 14th Amendments to the U.S. Constitution and Florida Constitution." (Doc. ## 1, 7). Sheriff Nocco and Hatfield removed the case to this Court on October 31, 2018, on the basis of federal question jurisdiction. (Doc. # 1).

Sheriff Nocco and Hatfield filed their Motion to Dismiss and for More Definite Statement on November 6, 2018, arguing the Complaint is a shotgun complaint and fails to sufficiently state claims for relief. (Doc. # 6). Plaintiffs responded, arguing the case should be remanded to state court because — although the title of the sole count alleges Defendants violated the United States Constitution — Plaintiffs merely intended to assert state law claims for false arrest and malicious prosecution. (Doc. # 20). In light of Plaintiffs'

3

argument regarding remand, the Court entered an order explaining that remand on the basis of Plaintiffs' assertions within their response was inappropriate, especially in light of the clear reference to an alleged violation of the United States Constitution. (Doc. # 21). But the Court also advised Plaintiffs that, if the reference to federal constitutional violations was superfluous and unintentional as they claimed, they were permitted to file an amended complaint asserting only the intended state law claims by December 7, 2018, followed by a motion to remand. (Id.). Finally, the Court warned that if Plaintiffs failed to file an amended complaint by that date, "the Court will rule on the pending motion to dismiss on the basis that it does attempt to assert federal constitutional claims." (Id.).

Plaintiffs failed to file an amended complaint by the December 7 deadline. Thus, the Court now turns to the Motion.

**II. Discussion**

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor

4

v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014)(footnotes omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts . . ."; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Although deficient complaints should be dismissed, the Federal Rules of Civil Procedure advise that courts should "freely give leave [to amend] when justice so requires." Fed.

R. Civ. P. 15(a)(2). Additionally, under Federal Rule of Civil Procedure 12(e),

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). When a motion for more definite statement is granted, the plaintiff is permitted to file an amended complaint that more clearly states his or her claims.

Here, the Complaint is a shotgun complaint and must be dismissed. The Complaint contains a single count, entitled "False Arrest and Imprisonment and Malicious Prosecution of Kayla Madak Violating the 4th, 5th, and 14th Amendments to the U.S. Constitution and Florida Constitution." (Doc. # 7 at 4). Thus, it appears that Plaintiffs seek to assert numerous claims — some federal and some state — under this single count.

This is impermissible. See Weiland, 792 F.3d at 1322-23 (identifying "a complaint that does 'not separat[e] into a different count each cause of action or claim for relief'" as a shotgun complaint); see also Gregory v. City of Tarpon Springs, No. 8:16-cv-237-T-33AEP, 2016 WL 2961558, at *2 (M.D. Fla. May 23, 2016)("Count I is brought under two federal statutes — 42 U.S.C. §§ 1983 and 1985 — and attempts to assert

claims under four Amendments to the United States Constitution, as well as referencing the Constitution of the State of Florida. Simply put, Count I is a hodgepodge of potential claims and constitutes an impermissible shotgun pleading."). If Plaintiffs wish to assert multiple claims, they must assert each claim in a separate count. Each count should be labelled with the title of the claim.

Also, because all claims were included in a single count, it is unclear what claims are being brought by which Plaintiff against which Defendant. If Plaintiffs choose to file an amended complaint, they should clearly label each count as to which Defendant it is brought against and which Plaintiff is bringing such claim.

Because the Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture. See, e.g., Shaffer v. Bank of New York Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017)("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted."); Bennett v. Nationstar Mortg., LLC, No. CV 15-00165-KD-C, 2015 WL 5294321, at *13 n.15 (S.D. Ala. Sept. 8, 2015)("The Defendants

advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded."). Nevertheless, the Court advises Plaintiffs to review the merits arguments raised in the Motion when drafting their amended complaint. The deadline to file the amended complaint is December 20, 2018. Failure to file an amended complaint by the deadline will result in the dismissal of this action without further notice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Sheriff Chris Nocco and William C. Hatfield's Motion to Dismiss and for More Definite Statement (Doc. # 6) is **GRANTED** as specified herein.

(2) Plaintiffs Kayla Madak and Donald Madak may file an amended complaint that rectifies the problems addressed in this Order by December 20, 2018, failing which the case will be dismissed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE